# LOUISVILLE AND NASHVILLE RAILROAD COMPANY *v.* MOTTLEY.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF KENTUCKY.

No. 37. Argued October 13, 1908.—Decided November 16, 1908.

The jurisdiction of the Circuit Court is defined and limited by statute; and, even if not questioned by either party, this court will, of its own motion, see to it that such jurisdiction is not exceeded.

A suit arises under the Constitution and laws of the United States, so as to give the Circuit Court jurisdiction on that ground, only when plaintiff's statement of his own cause is based thereon; that jurisdiction cannot be based on an alleged anticipated defense which may

be set up and which is invalid under some law, or provision, of the
Constitution of the United States.

The Circuit Court has no jurisdiction, in the absence of diverse citizen-
ship, of a suit brought against a railroad corporation to enforce an
alleged contract for an annual pass because, as stated in the bill,
the refusal is based solely on the anti-pass provisions of the Hepburn
Interstate Commerce Act of June 29, 1906, c. 3591, 34 Stat. 584.

The practice in such cases is to reverse the judgment and remit the
case to the Circuit Court with instructions to dismiss the suit for want
of jurisdiction.

THE appellees (husband and wife), being residents and
citizens of Kentucky, brought this suit in equity in the Circuit
Court of the United States for the Western District of Ken-
tucky against the appellant, a railroad company and a citizen
of the same State. The object of the suit was to compel the
specific performance of the following contract:

"Louisville, Ky., Oct. 2nd, 1871.

"The Louisville & Nashville Railroad Company in con-
sideration that E. L. Mottley and wife, Annie E. Mottley,
have this day released Company from all damages or claims
for damages for injuries received by them on the 7th of Sep-
tember, 1871, in consequence of a collision of trains on the
railroad of said Company at Randolph's Station, Jefferson
County, Ky., hereby agrees to issue free passes on said Railroad
and branches now existing or to exist, to said E. L. & Annie
E. Mottley for the remainder of the present year, and there-
after, to renew said passes annually during the lives of said
Mottley and wife or either of them."

The bill alleged that in September, 1871, plaintiffs, while
passengers upon the defendant railroad, were injured by the
defendant's negligence, and released their respective claims
for damages in consideration of the agreement for transporta-
tion during their lives, expressed in the contract. It is alleged
that the contract was performed by the defendant up to Jan-
uary 1, 1907, when the defendant declined to renew the passes.
The bill then alleges that the refusal to comply with the con-

tract was based solely upon that part of the act of Congress of June 29, 1906, 34 Stat. 584, which forbids the giving of free passes or free transportation. The bill further alleges: First, that the act of Congress referred to does not prohibit the giving of passes under the circumstances of this case; and, second, that if the law is to be construed as prohibiting such passes, it.is in conflict with the Fifth Amendment of the Constitution, because it deprives the plaintiffs of their property without due process of law. The defendant demurred to the bill. The judge of the Circuit Court overruled the demurrer, entered a decree for .the relief prayed for, and the defendant appealed directly to this court.

*Mr. Henry Lane Stone* for appellant.

*Mr. Lewis McQuown* and *Mr. Clarence U. McElroy* for appellees.

By leave of court, *Mr. L. A. Shaver*, in behalf of The Interstate Commerce Commission, submitted a brief as *amicus curiæ*.

MR. JUSTICE MOODY, after making the foregoing statement, delivered the opinion of the court.

Two questions of law were raised by the demurrer to the bill, were brought here by appeal, and have been argued before us. They are, first, whether that part of the act of Congress of June 29, 1906 (34 Stat. 584), which forbids the giving of free passes or the collection of any different compensation for transportation of passengers than that specified in the tariff filed, makes it unlawful to perform a contract for transportation of persons, who in good faith, before the passage of the act, had accepted such contract in satisfaction of a valid cause of action against the railroad; and, second, whether the statute, if it should be construed to render such a contract unlawful, is in

violation of the Fifth Amendment of the Constitution of the United States." We do not deem it necessary, however, to consider either of these questions, because, in our opinion, the court below was without jurisdiction of the cause. Neither party has questioned that jurisdiction, but it is the duty of this court to see to it that the jurisdiction of the Circuit Court, which is defined and limited by statute, is not exceeded. This duty we have frequently performed of our own motion. *Mansfield, &c. Railway Company* v. *Swan*, 111 U. S. 379, 382; *King Bridge Company* v. *Otoe County*, 120 U. S. 225; *Blacklock* v. *Small*, 127 U. S. 96, 105; *Cameron* v. *Hodges*, 127 U. S. 322, 326; *Metcalf* v. *Watertown*, 128 U. S. 586, 587; *Continental National Bank* v. *Buford*, 191 U. S. 119.

There was no diversity of citizenship and it is not and cannot be suggested that there was any ground of jurisdiction, except that the case was a "suit . . . arising under the Constitution and laws of the United States." Act of August 13, 1888, c. 866, 25 Stat. 433, 434. It is the settled interpretation of these words, as used in this statute, conferring jurisdiction, that a suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution. It is not enough that the plaintiff alleges some anticipated defense to his cause of action and asserts that the defense is invalidated by some provision of the Constitution of the United States. Although such allegations show that very likely, in the course of the litigation, a question under the Constitution would arise, they do not show that the suit, that is, the plaintiff's original cause of action, arises under the Constitution. In *Tennessee* v. *Union & Planters' Bank*, 152 U. S. 454, the plaintiff, the State of Tennessee, brought suit in the Circuit Court of the United States to recover from the defendant certain taxes alleged to be due under the laws of the State. The plaintiff alleged that the defendant claimed an immunity from the taxation by virtue of its charter, and that therefore the tax was void, because in violation of the provision of the Constitution of the United

States, which forbids any State from passing a law impairing the obligation of contracts. The cause was held to be beyond the jurisdiction of the Circuit Court, the court saying, by Mr. Justice Gray (p. 464), "a suggestion of one party, that the other will or may set up a claim under the Constitution or laws of the United States, does not make the suit one arising under that Constitution or those laws." Again, in *Boston & Montana Consolidated Copper & Silver Mining Company* v. *Montana Ore Purchasing Company,* 188 U. S. 632, the plaintiff brought suit in the Circuit Court of the United States for the conversion of copper ore and for an injunction against its continuance. The plaintiff then alleged, for the purpose of showing jurisdiction, in substance, that the defendant would set up in defense certain laws of the United States. The cause was held to be beyond the jurisdiction of the Circuit Court, the court saying, by Mr. Justice Peckham (pp. 638, 639).

"It would be wholly unnecessary and improper in order to prove complainant's cause of action to go into any matters of defence which the defendants might possibly set up and then attempt to reply to such defence, and thus, if possible, to show that a Federal question might or probably would arise in the course of the trial of the case. To allege such defence and then make an answer to it before the defendant has the opportunity to itself plead or prove its own defence is inconsistent with any known rule of pleading so far as we are aware, and is improper.

"The rule is a reasonable and just one that the complainant in the first instance shall be confined to a statement of its cause of action, leaving to the defendant to set up in his answer what his defence is and, if anything more than a denial of complainant's cause of action, imposing upon the defendant the burden of proving such defence.

"Conforming itself to that rule the complainant would not, in the assertion or proof of its cause of action, bring up a single Federal question. The presentation of its cause of action would not show that it was one arising under the Constitution or laws of the United States.

"The only way in which it might be claimed that a Federal question was presented would be in the complainant's statement of what the defence of defendants would be and complainant's answer to such defence. Under these circumstances the case is brought within the rule laid down in *Tennessee* v. *Union & Planters' Bank,* 152 U. S. 454. That case has been cited and approved many times since, . . ."

The interpretation of the act which we have stated was first announced in *Metcalf* v. *Watertown,* 128 U. S. 586, and has since been repeated and applied in *Colorado Central Consolidated Mining Company* v. *Turck,* 150 U. S. 138, 142; *Tennessee* v. *Union & Planters' Bank,* 152 U. S. 454, 459; *Chappell* v. *Waterworth,* 155 U. S. 102, 107; *Postal Telegraph Cable Company* v. *Alabama,* 155 U. S. 482, 487; *Oregon Short Line & Utah Northern Railway Company* v. *Skottowe,* 162 U. S. 490, 494; *Walker* v. *Collins,* 167 U. S. 57, 59; *Muse* v. *Arlington Hotel Company,* 168 U. S. 430, 436; *Galveston &c. Railway* v. *Texas,* 170 U. S. 226, 236; *Third Street & Suburban Railway Company* v. *Lewis,* 173 U. S. 457, 460; *Florida Central & Peninsular Railroad Company* v. *Bell,* 176 U. S. 321, 327; *Houston & Texas Central Railroad Company* v. *Texas,* 177 U. S. 66, 78; *Arkansas* v. *Kansas & Texas Coal Company & San Francisco Railroad,* 183 U. S. 185, 188; *Vicksburg Waterworks Company* v. *Vicksburg,* 185 U. S. 65, 68; *Boston & Montana Consolidated Copper & Silver Mining Company* v. *Montana Ore Purchasing Company,* 188 U. S. 632, 639; *Minnesota* v. *Northern Securities Company,* 194 U. S. 48, 63; *Joy* v. *City of St. Louis,* 201 U. S. 332, 340; *Devine* v. *Los Angeles,* 202 U. S. 313, 334. The application of this rule to the case at bar is decisive against the jurisdiction of the Circuit Court.

It is ordered that the

*Judgment be reversed and the case remitted to the Circuit Court with instructions to dismiss the suit for want of jurisdiction.*