ST. LOUIS, SAN FRANCISCO & TEXAS RAILWAY COMPANY v. ROFF
OIL & COTTON COMPANY.

Decided May 14, 1910.

**1.—Jurisdiction, State or Federal.**

Whether a case falls within the jurisdiction of the Federal Courts is to be determined by the averments of the petition, and not by the Federal questions presented defensively in the answer of defendant.

**2.—Same—Interpretation of Freight Tariff.**

The State courts have jurisdiction to interpret a tariff established and published by a railroad company though it concerns interstate traffic and is established and required by the Act of Congress.

**3.—Tariff Circulars—Construction.**

Tariff circulars considered and held that the word "cotton" used therein included cotton linters.

**4.—Same—Protection of Through Rate.**

   Protection of through tariff rates from point of origin, necessarily involves refunding the charges for shipment to concentration points.

   Appeal from the District Court of Grayson County, Texas. Tried below before Hon. J. M. Pearson.

   *Andrews, Ball & Streetman,* and *Head, Dillard, Smith & Head,* for appellant.—Plaintiff's suit being based upon that provision in circular 146 which says: "When cotton is reshipped over this line, through rate from point of origin to final destination will be protected," and the petition, as well as the findings of the court, showing that the refund claimed under this provision was upon "cotton linters" and not upon "cotton," no right of recovery existed. The court erred in holding that "cotton" as used in that paragraph of the circular, included "cotton linters." Armour Packing Co. v. United States, 209 U. S., 56; Cosmopolitan Ship Co. v. Hamburg Am. Pack. Co., 13 Int. Com. Comm., 266; Poor Grain Co. v. Chicago, B. & Q. Ry. Co., 12 Int. Com. Comm., 469; Natl. Assn. Ry. Commsrs., 416-418; Texas & P. Ry. Co. v. Mugg, 202 U. S., 242.

   *J. F. Holt,* for appellee.

   BOOKHOUT, Associate Justice.—Appellee, plaintiff in the court below, in its petition alleges that from September, 1906, to April, 1907, appellant and its connecting lines had in effect a tariff, which permitted concentration of baled cotton originating in the Indian Territory, at Sherman, Texas, and obligating itself to refund or pay to the shipper, upon reshipment of the cotton, the amount that had been paid for the shipment thereof from the Indian Territory points to Sherman, this arrangement being what is commonly called "concentration" or "compress privileges;" that plaintiff and its assignor, under this tariff, shipped 701 bales of "cotton linters" from Roff, Indian Territory, to Sherman, Texas, and 271 bales of "cotton linters" from Madill, Indian Territory, to Sherman, Texas, said shipments passing over both the originating line in the Indian Territory and defendant's line in Texas; that the freight paid on each bale was $1.50; that said cotton was reshipped from Sherman over defendant's line, but it refused to refund said $1.50 per bale, and judgment was asked therefor.

   Defendant answered by general demurrer; by special demurrer to the jurisdiction of the court; by general denial, and by special answer denying that it had a tariff of the kind alleged by plaintiff, but averring that it did have a tariff or schedule of rates, applicable both to cotton and cotton linters, filed and posted in compliance with the Interstate Commerce Law, and that for it to make the refund demanded by plaintiff would be a violation of said law, as well as of the Elkins and Hepburn Acts. A trial before the court without a jury on May 12, 1909, resulted in a judgment in favor of plaintiff for $1467. From this judgment appellant perfected an appeal.

   The first contention presented in appellant's brief is that plaintiff's cause of action being based upon an alleged violation of an interstate

tariff, claimed to be in force between defendant and connecting lines, which required it to make this refund upon shipments from the Indian Territory to Sherman, its suit should have been commenced in the United States courts, which alone have jurisdiction. This contention is not tenable. The question of jurisdiction is to be determined by the averments of the petition and not by the Federal questions presented defensively in the answer of defendant. The plaintiff's petition does not present a Federal question conferring jurisdiction exclusively on the Federal Courts. Louisville & N. Ry. Co. v. Mottley, 211 U. S.; 149; Railway Co. v. Neaves, opinion of this court, 60 Texas Civ. App.,—

The appellant cites the case of Gulf, C. & S. F. Ry. Co. v. Moore, 98 Texas, 302, in support of its contention. This was a suit to recover on a cause of action based on section 3 of the Interstate Commerce Law, and it was held in such a case the courts of the United States alone had jurisdiction. This case is not controlled by the holding in that case. The sole issue in this case is, as to the meaning and interpretation to be given the tariff put out by appellant, and the Interstate Commerce Law does not affect such interpretation. The State courts are not without jurisdiction to interpret a tariff though it is interstate and established, and required by the Act of Congress. Galveston, H. & S. A. Ry. Co. v. Piper, 52 Texas Civ. App., 568, (115 S. W,. 107); Nelson v. Southern Railway Co., 172 Fed. Rep., 478.

The trial court filed conclusions of fact from which it appears appellant had on file two circulars fixing tariffs for the shipment of cotton, one I. C. C. No. 5361, and the other, I. C. C. No. 5360. The last named circular was a joint through tariff and applied only to cotton when delivered for final shipments to seaports and other points named therein, east of the Mississippi River. Sherman was not included as one of the points therein named, and it would seem that the cotton could not have been concentrated at Sherman under said tariff circular. It is true that joint circular No. 5360 named a rate of five percent less on cotton linters, than it did on other grades of cotton, but this circular expressly refers to circular I. C. C. No. 5361, for concentration rules and privileges. In construing these circulars the trial court held that circular No. 5361 applied to both cotton and cotton linters, and that the word "cotton" used therein, included "cotton linters," and appellant's contention that the court erred in such holding is not sustained. Nor did the court err in his finding that the cotton was shipped to or concentrated at Sherman under circular No. 5361, which contained a rule that when cotton is re-shipped over appellant's line, through rate from point of origin to final destination, will be protected. Protection of the through rate from point of origin, which in this case was Madill and Roff, Indian Territory, necessarily involves refunding the charges for shipment to concentration point, which was Sherman. The cost of shipment from Madill and Roff, Indian Territory, to Sherman, was $1.50 per bale.

Finding no error in the judgment, the same is affirmed.

*Affirmed.*

Writ of error refused.