FULLANA CORPORATION, Petitioner, Appellant,

v.

PUERTO RICO PLANNING BOARD, Respondent, Appellee.

No. 5270.

United States Court of Appeals First Circuit.

Heard Feb. 5, 1958.

Decided June 26, 1958.

Jose Antonio Luina, Santurce, P. R., for appellant.

Francis Gonzalez Oliver, Santurce, P. R., for appellee.

Before MAGRUDER, Chief Judge, and MARIS and WOODBURY, Circuit Judges.

WOODBURY, Circuit Judge.

The record in this case, to say the least, is confused and confusing. But when straightened out and analysed only a simple question emerges.

To begin at the beginning, it appears that on March 26, 1954, the Puerto Rico Planning Board, formerly the Puerto Rico Planning, Urbanizing and Zoning Board, established under Act No. 213 of 1942, Laws of Puerto Rico 1942, page 1106, known as the Puerto Rico Planning, Urbanizing and Zoning Act, as amended in particular by Act No. 434 of 1951, Laws of Puerto Rico 1951, page 1226, 23 L.P.R.A. § 1 et seq., after notice and public hearing at which the appellant was represented, amended its Planning Regulation No. 3 by inserting Article 76 which provided that:

"* * * before approving subdivisions to be developed under these provisions, the Board shall determine by resolution the maximum selling price per lot, or per lot and residential dwelling to be constructed in these subdivisions."

Soon thereafter, on May 5, 1954, also after notice and public hearing, the Board entered its Order No. P–39 wherein it ruled that:

" * * * the maximum selling price for each house and lot in developments constructed for low-cost housing facilities, under the provisions of Article 76 of Planning Regulation No. 3 (land subdivision) shall not exceed the sum of $6,000."

It does not appear whether Fullana was represented at the hearing preceding the issuance of this Order or not, but it does appear that it was given notice of the Order soon after it was entered.

On the same day that the Board entered its Order P–39, May 5, 1954, the Board issued its Resolution No. L–16,393 giving approval, with modifications, to a petition filed by the Fullana Corporation under Subdivision Regulation No. 3, supra, for leave to subdivide a 200 acre tract in Rio Piedras into low cost housing units. In this Resolution the Board authorized Fullana to prepare construction plans, and in it the Board noted that each house and lot " * * * shall be sold at a price not exceeding $6,000 including the lot, in accordance with the provisions of Article 76 of the Subdivision Regulation, as well as with Resolution P–39, which establishes the maximum price for the sale of the house and lot in this type of subdivision." A copy of this Resolution was served on Fullana.

On May 26, 1954, the Board, after public hearing, by its Resolution Z–466 authorized Fullana to construct low cost housing units on its tract and on the same day by Resolution No. L–16,549 it approved Fullana's "Partial Construction Plan" for its development, which it called "Reparto Metropolitano." In this Resolution the Board reiterated that the price of each house and lot was not to exceed $6,000, and specifically stated that this limitation applied without regard to the size of the lot, which it said could not be less than 252 square meters, and said that it made this ruling in spite of authorization by the Federal Housing Administration of an increase in the price of houses on lots of greater area. On October 14, 1954, by a so-called "Extension" of this last Resolution, the Board gave its approval in greater detail to Fullana's partial construction plan and again reiterated its position as to price, stating:

"The Planning Board calls the attention to the fact that the authorization of the Federal Housing Administration for an increase in the price of lots greater than 252 square meters is not in conformance with Resolution P–39 of this Board, and, consequently the developer may not make use of this clause limiting the price to $6,000 for a lot and house, independent of the size of the lot, which shall not be less than 252 sq. mts."

The Fullana Corporation did not petition for reconsideration of any of the actions of the Board outlined above, or make any attempt to obtain review thereof by the Supreme Court of Puerto Rico under § 26 of the Act as amended. See Laws of Puerto Rico, 1951, page 1242.

On January 20, 1955, the Board by Report L–17,709 gave its approval to Fullana's "Partial Record Final Plan of Housing Development 'Reparto Metropolitano' in Rio Piedras, Puerto Rico," wherein it reiterated practically verbatim the above quotation from its Resolution L–16,549. Nevertheless on February 2, 1955, Fullana filed a petition with the Board asking for leave to sell house and lot No. 242 of Block M–8 on its plan, which had an area of 310 square meters, for the minimum price of $6,000 plus $5.00 for each square meter of the lot in excess of 275 square meters, and also requesting "that the same adjudication be made in connection with each and every one of the lots of said 'Reparto Metropolitano' having an area in excess of 275 square meters." On May 4, 1955, the Board by an "Addition," so-called, to its Report L–17,709 dismissed this petition on the ground that in substance and effect it was a petition for reconsideration of the earlier Board actions fixing the price of houses and lots in Reparto Metropolitano and that the 15-day limit fixed in § 26 of the Act as amended for petitions for reconsideration of those actions had long since expired. Fullana was served with notice of this action of the Board on May 12, 1955, and on May 27, within 15 days of the receipt of notification, the Fullana Corporation took two steps. It filed an application with the Board for reconsideration of its action and it also filed a petition in the Supreme Court of Puerto Rico for review

of that action. The Board denied the petition for reconsideration on August 5, 1955, and February 27, 1957, after hearing on February 11, the Supreme Court of Puerto Rico without opinion entered an order dismissing Fullana's petition for review for lack of jurisdiction. This is the order before us on appeal.

■ The jurisdiction of this court on appeal is asserted to rest upon the provisions of Title 28 U.S.C. § 1293 on the ground that the value in controversy exceeds $5,000, exclusive of interest and costs, and also on the ground that there are involved substantial questions of federal constitutional law which were duly presented to the Supreme Court of Puerto Rico. We are not much impressed with the substantiality of the asserted constitutional questions. But be that as it may, the appellant's petition to the Board for relief from the $6,000 ceiling price requested such relief, not only for one specific lot of 310 square meters but also for all lots whose areas exceeded 275 square meters, and an affidavit filed in this court by the appellant in conformity with our Rule 39(a), 28 U.S.C., asserts that over $80,000 is in controversy. That affidavit is not controverted so we may assume it to be true and from it conclude that we have appellate jurisdiction.

■■ Having jurisdiction ourselves, the question for us to decide is whether the Supreme Court of Puerto Rico was "inescapably wrong" or "patently erroneous," De Castro v. Board of Commissioners, 1944, 322 U.S. 451, 64 S.Ct. 1121, 88 L.Ed. 1384, in holding that it did not have jurisdiction, for the question of that court's jurisdiction to review Board actions under § 26 of the Planning Act, as amended, Laws of Puerto Rico 1951, page 1242, quoted in material part in the margin,[1] is certainly a question of local

1. "Any partly directly interested * * * in the actions, resolutions, approvals, refusals and disapprovals regarding subdivision cases or plans, against which a petition for reconsideration has been requested of the Puerto Rico Planning Board within the term of fifteen (15) days and on which a resolution and deci-

sion has been entered thereon by the Board, as the case may be, may present within the term of fifteen (15) days on and after the date of notification of such resolution or decision of the Board, certified copies of any such resolutions or decisions for review before the Supreme Court of Puerto Rico; * * *."

law. In deciding our question we must perforce resort to conjecture as to the grounds on which the Supreme Court of Puerto Rico based its conclusion of lack of jurisdiction, for that court filed no opinion. Two possible grounds, however, are readily obvious. The court may have adopted the Board's view that Fullana's petition of February 2, 1955, for relief from the ceiling prices established for its lots was in substance and effect a petition for reconsideration of previous Board actions fixing ceiling prices, and that as such it was far out of time for it came not within 15 days of any Board action fixing those prices as required by the statute but several months thereafter. On the other hand, the Supreme Court of Puerto Rico may as well have taken the view that Fullana's petition to it for review was premature for the reason that it was filed contemporaneously with Fullana's petition to the Board for reconsideration, whereas the statute requires that petitions for review of Board actions by the court may be filed with the court only after the Board has denied reconsideration and given notice thereof. See Heirs of Garcia v. Planning Board, 1949, 70 P.R.R. 692, 695, wherein discussing a 1946 amendment of § 26 of the original Act of similar import for present purposes as the 1951 amendment of the section quoted above in the margin, the court said:

"Section 26 of the Act creating the Puerto Rico Planning, Urbanizing and Zoning Board, as amended by Act No. 429 of April 23, 1946, provides that the term in which to ask for the reconsideration of a decision of the Board is of fifteen days, and that, provided that reconsideration has been sought within the afore-mentioned term, the petitioner may file within fifteen days from the date of the notification of the denial of reconsideration, a petition for review in this Court."

There is no point in stopping to consider which of the above grounds more probably provided the basis for the decision of the Supreme Court of Puerto Rico, for exposition is needless to show that a decision based upon either ground, or both of them, cannot possibly be said to be "inescapably wrong" or "patently erroneous."

■■ The appellant's further contention that the Supreme Court of Puerto Rico should not have considered the question of its jurisdiction at all for the reason that its jurisdiction was not challenged by motion of the Board under that court's Rule 12 but was raised for the first time in the Board's brief is specifically refuted in Heirs of Garcia v. Planning Board, supra, 694, 695. Moreover, the rule is well established that it is the duty of courts generally to consider any question of their jurisdiction *sua sponte*. See Louisville & Nashville R. Co. v. Mottley, 1908, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126.

The appellant's other points are not reached.

A judgment will be entered affirming the Order of the Supreme Court of Puerto Rico.