The **PEOPLE OF the STATE OF CALIFORNIA,** Plaintiff and Appellant,

v.

**GENERAL MOTORS CORPORATION,** a Delaware Corporation, Does I Through C, Defendant and Appellee.

No. 25024.

United States Court of Appeals, Ninth Circuit.

Sept. 4, 1970.

As Amended Sept. 22, 1970.

Herbert Davis (argued) Deputy Atty. Gen., John F. McLaren, Philippe J. Monet, Herschel T. Elkins, Deputy Attys. Gen., Thomas C. Lynch, Atty. Gen., Los Angeles, Cal., for appellant.

Robert Henigson (argued) Marcus Mattson of Lawler, Felix & Hall, Los Angeles, Cal., for appellee.

Before CHAMBERS and KOELSCH, Circuit Judges, and SMITH,* District Judge.

RUSSELL E. SMITH, District Judge:

The sole problem presented by this appeal is whether the action was properly removed to the federal court as one arising under the laws of the United

---

* The Honorable Russell E. Smith, Chief United States District Judge, District of Montana, sitting by designation.

States.[1] The district court thought it was and denied a motion to remand. We disagree and reverse.

California has a law[2] forbidding the use of misleading statements in the course of the sale of property and fixing civil penalties for violations. The Attorney General of California filed this action on behalf of the People of California[3] seeking an injunction and civil penalty in the amount of $2,500.00 for each car sold by General Motors in California between July 3, 1968 and the date of the filing of the complaint.

The complaint alleges that General Motors affixed sticker labels to its cars and that such labels are misleading in that they lead and tend to lead members of the public in California to believe that such sticker prices are the prevailing retail prices at which such automobiles are sold by automobile dealers to members of the public in California, while in fact the price shown on the sticker is often several hundred dollars more than the prevailing price. Although the complaint alleges that General Motors is required by federal law[4] to affix labels to its cars which show among other things the manufacturer's suggested retail price, it does not directly allege that the federally required label is the label which in this case offends the state law.

The courts have uniformly held that a case arises under the laws of the United States only if a right created by federal laws is an essential element of plaintiff's case.[5] There is no conclusory language in the complaint alleging that any of plaintiff's federal rights have been violated. The violation alleged is not cast in the language of the federal statute which speaks of "the retail price of such automobile suggested by the manufacturer" but rather in the language of the California Code "with (the) intent to dispose of personal property * * * made * * * (and) caused to be * * * disseminated before (members of) the public in this state * * * any statements (which defendants knew or should have known were) misleading."[6] The complaint seeks to recover for the State of California the civil penalty assessed by § 17536, Cal.Bus. and Prof.Code. It does not appear from the complaint, as is required, that the plaintiff's claim arises under the laws of the United States. Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950).

It may be that in the course of the litigation it will be shown that the sticker required by federal law is the one about which complaint is made, and it may be that the defendant will assert a legal theory or theories sounding the general thought that it should not by obeying a federal law be held to answer for violations of a state law. We express nothing as to the merits, but we do note that even if the federal law provides a defense, the claim does not arise under federal law. Louisville and Nashville R.R. v. Mottley, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908); Gully v. First National Bank, *supra*; Skelly Oil Co. v. Phillips Petroleum Co., *supra*.

We are asked to consider statements made to the press by a Deputy Attorney General of California and determine from those statements that this action arises under federal law. We refuse. For the purpose of determining

---

1. 28 U.S.C. § 1331(a).

2. Cal.Bus. & Prof.Code § 17500; Cal.Civ. Code § 3369.

3. His authority to file stems from Cal. Civ.Code § 3369(5) and Cal.Bus. & Prof. Code §§ 17535 and 17536.

4. Automobile Information Disclosure Act, 15 U.S.C. §§ 1231–1233.

5. Gully v. First National Bank, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936).

6. The words quoted appear in the complaint and, except for the words embraced in parentheses, in § 17500, Cal.Bus. & Prof. Code.

federal jurisdiction we do not go to the daily press.

The order [7] denying the petition to remand is reversed, with directions to remand this case to the state court.

---

7. The district court certified to the existence of the facts necessary to permit an interlocutory appeal under § 28 U.S. C.A. 1292(b) and this court thereafter permitted the appeal.