**POGO PRODUCING COMPANY**

v.

**SOUTHERN NATURAL GAS COMPANY.**

Civ. A. No. 84–3345.

United States District Court, W.D. Louisiana, Monroe Division.

Dec. 11, 1984.

Barham & Churchill, Mack E. Barham, David R. Richardson, Charles F. Thensted, John F. Whitney, New Orleans, La. (Paul G. Van Wagenen, Houston, Tex., of counsel), for plaintiff.

Shotwell, Brown & Sperry, L. Michael Ashbrook, Monroe, La. (Fulbright & Jaworski, B.J. Bradshaw, M.W. Parse, Jr., Houston, Tex., of counsel), for defendant.

### RULING

LITTLE, District Judge.

Plaintiff and defendant entered into contracts for the purchase and sale of natural gas. Alleging a breach of contract, plaintiff filed suit in the Fourth Judicial District Court for the Parish of Ouachita, State of Louisiana. The suit seeks an injunctive relief, specific performance and a declaratory judgment. The relief sought by the plaintiff is founded on Louisiana law and would generally be regarded as a breach of contract suit.

Defendant has caused the state court's suit to be removed to this Court, not on the grounds of diversity, but on the grounds that plaintiff's case "arises under" a Federal law, to-wit, the Natural Gas Act 15 U.S.C. § 717 *et seq.* Plaintiff has filed a Motion to Remand this case and seeks sanctions for baseless removal.

The Order to Remand is granted. The plaintiff's suit is not tethered in any respect to any federal statute. In its pleadings, the plaintiff makes no mention of any connexity between the causes of action alleged and the federal statute. To the contrary, plaintiff's case is firmly anchored to causes of action arising under Louisiana law for breach of contract. It may be that the Natural Gas Act, supra, will afford the defendant a defense, but federally created defenses cannot be used to create federal jurisdiction. *See, Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1909); *City of New Orleans v. United Gas P.L. Co.,* 390 F.Supp. 861 (E.D.La.1974) (Rubin, D.J.).

The defendant has raised in its brief in opposition to the Motion to Remand the fact that it has filed a proceeding before the FERC requesting that agency to take jurisdiction of the issues in dispute in this case. The defendant further suggests that this Court should stay this action until the FERC issues its findings. There may be many reasons why a stay should be granted in order for the administrative agency to review this technical dispute. All those reasons can be argued in the state court and, if valid, would be the subject of a stay order issued by that state court. This Court could not, however, grant a stay order concerning the matter over which it has no incipient jurisdiction.

Defendant has also suggested that this Court has jurisdiction pursuant to the Outer Continental Shelf Act (OCSLA), 43 U.S.C. § 1331 *et seq.* since the mineral operation by Pogo emanates from an offshore lease granted by an agency of the United States. If the present controversy arises out of or in connection with any operation conducted on the outer Continental Shelf, then OCSLA would confer jurisdiction on this Court. *See,* 43 U.S.C. § 1349(b).

Such a situation was present in the case of *Fluor Ocean Services, Inc. v. Rucker Co.,* 341 F.Supp. 757 (E.D.La.1972). There, the United States granted a mineral lease to Shell Oil Co. on the outer Continental Shelf. The lease required the lessee to remove equipment and material not needed for producing wells upon the expiration of the lease. From that obligation, the Fluor controversy arose. In the Pogo matter, however, the leases in the outer Continental Shelf are not the source of the controversy. The issue which is in controversy is the responsibility of Southern to Pogo to

purchase or pay for the gas captured by Pogo. The dispute between Pogo and Southern does not arise on the Continental Shelf. The dispute arises as a result of a private contract between a mineral lessee and a production purchaser.

■ Plaintiff's motion to impose sanctions is denied. The positions advanced by the defendant, while not in the Court's opinion legally valid, are not frivolous or completely lacking in merit. Under these circumstances, the sanctions suggested by Rule 11, amended in 1983, will not be imposed.

The Court is of the opinion that oral argument is unnecessary.

The Motion to Remand is GRANTED and this case is remanded to the Fourth Judicial District Court, Ouachita Parish, Louisiana. The Motion to Impose Sanctions is DENIED.