United States Court of Appeals
Fifth Circuit

**F I L E D**

December 6, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-60927

_____

CITY OF MCCOMB, MISSISSIPPI

Plaintiff - Appellant

v.

DAVID W MYERS

Defendant - Appellee

_____

Appeal from the United States District Court
for the Southern District of Mississippi, Jackson
No. 3:02-CV-1397

_____

Before KING, Chief Judge, and HIGGINBOTHAM and DAVIS,
Circuit Judges.

PER CURIAM:[*]

   This appeal arises from a dispute between Plaintiff-

Appellant City of McComb City, Mississippi (McComb) and

Defendant-Appellee David W. Myers (Myers).  Myers is a

member of McComb's Board of Selectmen (Board).  He also

_____

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not
precedent except under the limited circumstances set forth
in 5TH CIR. R. 47.5.4.

- 1 -

represents a portion of the city in the Mississippi House of Representatives (House). As a result of a dispute with other members of the Board, McComb sought to end Myers's dual service on the Board and in the House by passing an amendment to McComb's city charter which prohibited a public official in McComb from serving as an elected official of any governmental entity which either appropriates funds to McComb or has the power to grant or deny a request by McComb for any action relating to the operation of the municipal government of McComb.

On August 14, 2002, McComb filed a lawsuit in the Circuit Court of Pike County, Mississippi seeking a declaratory judgment holding that, subject to final formal approval as required by law, the charter amendment is a valid exercise of municipal authority by McComb which "violates no state law, federal law, or the constitutions of the United States or the State of Mississippi;" that independent of the charter amendment, simultaneous service in the Mississippi Legislature and the Board violates the separation of powers doctrine of the Mississippi constitution; and that such dual service vacates one of the two conflicting offices.

Myers promptly removed the case to the United States District Court for the Southern District of Mississippi. On summary judgment, the district court held, in a lengthy opinion discussing Mississippi law, that neither the Mississippi Constitution nor the common law rule against holding incompatible offices forbids Myers's simultaneous service in the House and on the Board. McComb then appealed the judgment to this court.

Upon review, it is evident that McComb's state court lawsuit was improperly removed. Removal of a civil action from state court is allowed only if the district courts of the United States would have original jurisdiction over the action. 28 U.S.C. § 1441(a) (2000); Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Absent diversity of citizenship, which does not exist here, federal question jurisdiction is required. Whether a federal court would have federal question jurisdiction over the action is governed by the well-pleaded complaint rule. Caterpillar, 482 U.S. at 392. This rule states that "[a] case arises under federal law if it is apparent from the face of the plaintiff's complaint . . . that the plaintiff's cause of action was created by federal law . . . ." ERWIN CHEMERINSKY, FEDERAL JURISDICTION § 5.2.3, at 276 (4th ed. 2003); accord

Louisville & Nashville R.R. v. Mottley, 211 U.S. 149, 152 (1908).

From what we have set out above about McComb's complaint, it is clear that McComb's cause of action deals exclusively with state law. This is how the district court viewed the dispute, rendering a judgment based solely on state law issues. The only mention of federal law in McComb's complaint consisted of its one-line request for a declaration that the amendment did not violate federal law. This request is akin to the anticipation of a federal defense. It is well established that federal question jurisdiction is not created through a plaintiff's anticipation of a federal defense. See, e.g., Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998) ("A defense is not part of a plaintiff's properly pleaded statement of his or her claim."); Mottley, 211 U.S. at 152 ("It is not enough that the plaintiff alleges some anticipated defense to his cause of action, and asserts that the defense is invalidated by some provision of the Constitution of the United States."). Accordingly, we hold that federal question jurisdiction was unavailable here and this case was improperly removed from state court.

For the foregoing reasons, we VACATE the judgment of the district court and REMAND with instructions to remand the case to the Circuit Court of Pike County, Mississippi. Costs shall be borne by Myers.