SUMMARY ORDER
Petitioner appeals from the order of the United States District Court for the Southern District of New York dismissing for lack of subject matter jurisdiction[1] a petition for vacatur of an arbitration award, brought pursuant to 9 U.S.C. § 10. We assume the parties’ familiarity with the facts, procedural history, and scope of the issues presented on appeal.
The Federal Arbitration Act, the basis of Petitioner’s action, “bestowfs] no federal jurisdiction but rather requir[es] [for access to a federal forum] an independent jurisdictional basis” over the parties’ dispute. Hall Street Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576, 128 S.Ct. 1396, 1402, 170 L.Ed.2d 254 (2008); accord. Perpetual Secs., Inc. v. Tang, 290 F.3d 132, 136 (2d Cir.2002). A petition brought pursuant to 9 U.S.C. § 10, “[sjimply raising federal-law claims in the underlying arbitration is insufficient to supply this independent basis.” Greenberg v. Bear, Stearns & Co., 220 F.3d 22, 26 (2d Cir.2000) (internal quotation marks omitted). Rather “federal jurisdiction may still lie [only] if the ultimate disposition of the matter by the federal court necessarily depends on resolution of a substantial question of federal law.” Id. (internal quotation marks omitted).
As the District Court correctly held, the ease before us does not depend on resolution of a substantial question of federal law. Petitioner argues that because his petition for vacatur alleged that arbiters had disregarded federal law by holding that a settlement agreement bound the parties, there is federal-question jurisdiction. But whether a settlement agreement is binding is generally a question of state contract law. Of course, federal common law does sometimes govern settlements, as when state law over settlements might otherwise conflict with federal policy or frustrate objectives of federal legislation. See, e.g., Maynard v. Durham & S. Ry. Co., 365 U.S. 160, 161, 81 S.Ct. 561, 5 L.Ed.2d 486 (1961) (holding that the validity of releases under the Federal Employer’s Liability Act was a question to be determined by federal rather than state law). But in the case before us, the underlying dispute arose entirely under state law, and there is no reason to employ federal common law to decide whether the parties’ settlement agreement was binding. And merely alleging that arbiters erred by fail *871 ing to apply some kind of federal common law does not raise a substantial federal question where, as here, the allegation is so patently without merit. See Tang, 290 F.3d at 137-39.
We note that the jurisdictional standard in Greenberg was based in part on our decision in Westmoreland Capital Corp. v. Findlay, 100 F.3d 263 (2d Cir.1996), a decision about the jurisdictional standard for petitions brought under 9 U.S.C. § 4. See Greenberg, 220 F.3d at 26. The Supreme Court recently overruled the 9 U.S.C. § 4 jurisdictional standard established in Westmoreland, and held that district courts asked to order arbitration pursuant to 9 U.S.C. § 4 may “look through” the petition and examine the parties’ underlying dispute to determine whether federal-question jurisdiction exists. See Vaden v. Discover Bank, — U.S.-, 129 S.Ct. 1262, 1273-75, 173 L.Ed.2d 206 (2009). But even assuming, arguendo, that we may “look through” the petition in this case and examine whether the parties’ underlying dispute raises a federal question, federal jurisdiction would not lie. The underlying dispute is a contract question that raises only state law questions and therefore does not give rise to federal-question jurisdiction. See Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152, 29 S.Ct. 42, 53 L.Ed. 126 (1908).
We have reviewed all of Appellant’s claims and find them meritless. Accordingly, the judgment of the District Court is AFFIRMED. We REMAND for the sole purpose of amending the judgment to indicate that the case was dismissed under Federal Rule of Civil Procedure 12(b)(1).

. The District Court's judgment stated that the case was dismissed "pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of subject matter jurisdiction.'.’ This is presumably a typo as Federal Rule of Civil Procedure 12(b)(2) governs dismissal for lack of personal jurisdiction; the motion to dismiss, the oral adjudication, and the actual nature of the case all suggest that the court, instead, meant subject matter jurisdiction and therefore intended to refer to Federal Rule of Civil Procedure 12(b)(1). As a result, and as is noted at the end of this order, we have determined that remand is appropriate for the purpose of correcting this error. See United Stales v. Delis, 558 F.3d 177, 179 n. 1, 184 (2d Cir.2009) (remanding to the district court for correction of a minor error).