*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 09a0389p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

————————————

PLAYA MAREL, P.M., S.A.; ELDEN J. HEINZ,
Individually; ELDEN J. HEINZ REVOCABLE
LIVING TRUST; ALVERO MARTIN,
Individually,

        *Plaintiffs-Appellees,*

    *v.*

LKS ACQUISITIONS, INC.; LEONARD K.
SNELL, Individually,

        *Defendants-Appellants.*

No. 08-3072

————————————

Appeal from the United States District Court
for the Southern District of Ohio at Dayton.
No. 06-00366—Thomas M. Rose, District Judge.

Argued: October 16, 2009

Decided and Filed: November 9, 2009

Before: MARTIN, ROGERS, and COOK, Circuit Judges.

————————————

## COUNSEL

————————————

**ARGUED:** Jeffrey Joseph Harmon, CORS & BASSETT, LLP, Cincinnati, Ohio, for
Appellants. Walter Reynolds, PORTER WRIGHT MORRIS & ARTHUR LLP, Dayton,
Ohio, for Appellees. **ON BRIEF:** Robert Joseph Hollingsworth, Jesse Romuald Lipcius,
CORS & BASSETT, LLP, Cincinnati, Ohio, for Appellants. Walter Reynolds, Tami Hart
Kirby, PORTER WRIGHT MORRIS & ARTHUR LLP, Dayton, Ohio, for Appellees.

————————————

## OPINION

————————————

ROGERS, Circuit Judge. In this declaratory judgment action, plaintiffs sought a
declaration that defendants were not entitled to compensation under an alleged contract
involving real estate development. Plaintiffs asserted a number of grounds for the lack of

entitlement to compensation, one of which was that the defendants had violated federal securities law. Because this federal securities law claim—the only federal issue in the case—would arise only as a claimed defense to a state law cause of action, the district court lacked federal subject matter jurisdiction.

Plaintiffs own approximately 256 hectares of unimproved real property in Costa Rica. They engaged defendants, self-described builder-developers, to create a strategic plan to develop their property in a series of five alleged agreements. Under disputed circumstances, defendants introduced plaintiffs to a third party. Plaintiffs and this third party eventually formed a joint venture to develop the property, an event that defendants argue entitled them to compensation. Plaintiffs originally filed this action in Ohio state court, requesting a declaratory judgment that defendants were not entitled to compensation because defendants had violated federal and Ohio securities laws and Ohio real estate licensing laws. Defendants removed to federal court, invoking federal question jurisdiction on the basis of the federal securities-related allegations. The district court granted summary judgment to plaintiffs, declaring that defendants were not entitled to any compensation because they lacked a required Ohio real estate licence. *See Playa Marel, P.M., S.A. v. LKS Acquisitions, Inc.*, No. C-3-06-366, 2007 WL 3342450, at *3 (S.D. Ohio Nov. 6, 2007). Defendants timely appealed.

There is no federal subject matter jurisdiction over this case because, looking behind the declaratory judgment form of this action, the only federal issue in this case arises as a possible defense to a state law claim. The federal Declaratory Judgment Act did not expand the scope of federal subject matter jurisdiction. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950). Thus, an action seeking a declaratory judgment that no compensation is owed on a contract is only within federal question jurisdiction if the action could have been filed in federal court by the party seeking compensation. *Id.* at 672. Here, such a suit would have merely been a state law contract or implied contract action. Thus, in this case as in *Skelly Oil*, "[w]hatever federal claim [plaintiffs] may be able to urge would in any event be injected into the case only in anticipation of a defense to be asserted by [defendants]." *Id.* This is insufficient to grant federal jurisdiction. *See id.* (citing *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)).

This conclusion is not altered by the fact that the statute at issue here is the Securities Exchange Act. That Act provides for exclusive federal jurisdiction only for "suits in equity and actions at law brought to enforce any liability or duty created by this chapter or the rules and regulations thereunder." 15 U.S.C. § 78aa. As the controversy in this case—looking through the declaratory judgment—was one to enforce a state law claim, this grant of exclusive jurisdiction does not apply. *See Barbara v. N.Y. Stock Exch., Inc.*, 99 F.3d 49, 55 (2d Cir. 1996).

This is also not a case where a "state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). Instead, federal law was merely one of a number of bases on which the plaintiffs sought a declaration that they owed the defendants no compensation. The simple fact that the district court did not decide any federal question in this case disproves any argument that the state law claim here necessarily raised a federal issue. Rather, this case turned on a number of complicated state law questions, including the scope of Ohio's real estate licencing laws, Ohio's choice-of-law rules, and the question of the relative importance of real estate licencing laws to the public policy of Ohio. This is precisely the type of case where the rules from *Mottley* and *Skelly Oil* apply.

For these reasons, we **VACATE** the district court's judgment and **REMAND** with instructions to remand the matter to the state court.