
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SEGUNDO SUENOS, LLC, | No. 10-56257 |
| Plaintiff-Appellant, | D.C. No. 2:10-cv-02986-DMG-JC |
| v. | |
| MARSHALL JONES, an indivdual, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Argued and Submitted February 16, 2012
Pasadena, California

Before: FARRIS and W. FLETCHER, Circuit Judges, and HELLERSTEIN,
Senior District Judge.**

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The Honorable Alvin K. Hellerstein, Senior District Judge, U.S.
District Court, Southern District of New York, sitting by designation.

1

This case arises from successive lawsuits, first in the California Superior Court and then in the U.S. District Court, over the same issue: whether an assignment of copyrights to musical works by a popular band is valid. The district court, following a 2003 precedent of this court, *DiRuzza v. County of Tehama*, 323 F.3d 1147 (9th Cir. 2003), dismissed the claim, based on the previously decided issue in the Superior Court.

Plaintiff-Appellant Segundo Suenos, LLC ("Segundo") filed its lawsuit in the district court against Defendant-Appellee Marshall Jones ("Jones"), seeking a declaration that it had a valid assignment of Jones' copyrighted recorded musical works. Segundo's complaint alleges that Jones had assigned his copyrighted musical works to Artist Rights Foundation LLC ("ARF"), and that ARF had in turn assigned those rights to Segundo.

Jones moved to dismiss the complaint, arguing that a previous decision of the California Superior Court, affirmed by the Court of Appeal, decided the same issue that was before the district court and held that ARF's assignment to Segundo was invalid. The district court granted Jones' motion, holding that Segundo was precluded by collateral estoppel from relitigating the same issue actually and necessarily decided by the Superior Court, and therefore lacked standing to sue as assignee.

2

On July 20, 2010, the district court granted judgment, dismissing Segundo's complaint. Segundo filed a timely notice of appeal.

The district court assumed, without ruling on the subject, that it had subject matter jurisdiction. The parties did not comment on the issue in their briefs or discuss it in oral argument. We raise it, <u>sua sponte</u>, and, for the reasons stated below, dismiss the appeal for lack of subject matter jurisdiction. We remand the case to the district court, leaving to its discretion whether to dismiss the case or allow a re-pleading.

I. Subject Matter Jurisdiction

Segundo's complaint invokes both federal question and diversity subject matter jurisdiction. Segundo alleges that its claim arises under the Copyright Act, providing original and exclusive jurisdiction of civil actions "arising under any Act of Congress relating to . . . copyrights . . . ." 28 U.S.C. § 1338(a). Segundo alleges also that it was organized under the laws of Texas as a limited liability company, that the defendant, Jones, is a resident of Ohio, and that diversity of citizenship therefore exists. 28 U.S.C. §1332.

We examine the issue ourselves, <u>sua sponte</u> and <u>de novo</u>, for the subject matter jurisdiction of the cases and controversies filed in the federal courts

is fundamental to their jurisdiction, and must be considered at every level, including at appellate levels. *See Clinton v. Acequia, Inc.*, 94 F.3d 568, 570 (9th Cir. 1996) (citing *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 152 (1908)). Where subject matter jurisdiction is lacking, the case must be dismissed, even after a judgment is issued. *See Mottley*, 211 U.S. at 152.

Both the grounds alleged by Segundo for subject matter jurisdiction are legally insufficient.

A. Federal Question Jurisdiction

Subject matter jurisdiction under 28 U.S.C. § 1338 is found from the allegations of a well-pleaded complaint. *See Scholastic Entm't v. Fox Entm't Group, Inc.*, 336 F.3d 982, 986 (9th Cir. 2003). The well-pleaded complaint rule applies to copyright cases brought under 28 U.S.C. § 1338, just as it applies to cases brought under the general federal question statute, 28 U.S.C. § 1331. *See id.*

In its complaint, Segundo alleges that it is an assignee of the copyrights that Jones assigned in the first instance to ARF, and seeks a declaratory judgment to be recognized as an assignee with respect to royalties allegedly owed by Jones. This, Segundo posits, is a federal question.

But it does not matter that the case before us asks for a declaratory judgment concerning a copyright. In a declaratory judgment case, we look not to

4

the actual complaint filed, but to the complaint that would be filed if this were a suit for damages or for an injunction. *See Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust*, 463 U.S. 1 (1983); *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667 (1950). And, since the suit before us, if recast, is really an action to recover royalties under a contract, it is a claim on a contract, arising under state, not federal, law. *Scholastic*, 336 F.3d at 986. ("Federal courts have consistently dismissed complaints in copyright cases presenting only questions of contract law.")

Furthermore, claims like the one before us, relating to ownership of copyrights, also are considered matters of state law. *Scholastic*, 336 F.3d at 983, 986-88. Again, courts look past bare allegations of copyright infringement to consider if the real issue in dispute is the ownership of the copyright, rather than the alleged infringement of the copyright. *Id.* at 983.

Because questions regarding contract law and regarding the ownership of copyrights are both governed by state law, we hold that federal question jurisdiction is lacking.

The absence of federal question jurisdiction is not cured by a defense arising from copyright law. Even though the alleged assignment from ARF to Segundo must comply with the requirement of a writing pursuant to federal

5

copyright law, *see* 17 U.S.C. § 204(a), the pleading of that defense, even if pleaded in the complaint as an anticipated defense, cannot subvert the well-pleaded complaint rule and generate federal question jurisdiction. *Franchise Tax Bd.*, 463 U.S. at 10 ("[A] federal court does not have original jurisdiction over a case in which the complaint presents a state-law cause of action, but also asserts that . . . a federal defense the defendant may raise is not sufficient to defeat the claim.") (citations omitted).

### B. Diversity Jurisdiction

The second ground of alleged subject matter jurisdiction—diversity jurisdiction—is also legally deficient. When a limited liability company sues, the complaint must allege the citizenship of its constituent members. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *see also Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-196 (1990) ("We adhere to our oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship of all the members . . . ."). The complaint has no allegations setting forth the citizenships of the constituent members of the limited liability company. Furthermore, the complaint alleges not the citizenship of the defendant, Marshall Jones, but only his residence. Diversity of citizenship is not alleged.

The failure to allege both federal question jurisdiction and diversity

6

jurisdiction is a fatal defect.

II. The District Court's Discretion After Remand

The district court will have discretion, upon remand, to decide if the complaint should be dismissed for lack of subject matter jurisdiction, or if plaintiff should be given leave to amend to allege diversity jurisdiction. 28 U.S.C. § 1653.

We note, from a bankruptcy case and a search of Texas records, that Segundo's owner or owners may be citizens of Texas,[1] and Marshall Jones may be a citizen of Ohio, the state in which he is alleged to reside. Diverse citizenship, therefore, may exist. We note also that this litigation has been in the courts a long time, and much time and money has been spent on it. If, as it appeared to us in oral argument, there is not much chance that plaintiff could succeed on the merits, even if it could establish federal jurisdiction, the prolongation of this litigation by an amendment of the pleadings may lead to further waste of the litigants' and the

---

[1] *See Galaz v. Galaz (In re Galaz)*, 2010 Bankr. LEXIS 4031 at *17, *1 (Bankr. W.D. Tex. Nov. 12, 2010) (indicating that Segundo is owned by Alfredo Galaz, in Texas); *see also* https://ourcpa.cpa.state.tx.us/coa/Index.html (search for "Segundo Suenos"; follow "Segundo Suenos, LLC" hyperlink; click on "Officers and Directors Information" button.).

7

courts' time. We leave these considerations to the sound discretion of the district court.[2]

III. Conclusion

For the reasons stated, we dismiss the appeal for lack of subject matter jurisdiction, and remand the case to the district court, either to dismiss the complaint for want of subject matter jurisdiction or, in its discretion, to grant leave to amend the defective allegations if jurisdiction can be alleged.

The **motion** to take judicial notice is **denied**. The decision of the district court is

**VACATED AND REMANDED.**

---

[2]Although an appellate court also may grant leave to amend to cure a jurisdictional deficiency, *see* 28 U.S.C. §1653, the district court is better situated to exercise discretion in the matter. In the event of another appeal, this panel will assume jurisdiction over it.