**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 1, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LINDA ECKERT BALLARD,

    Plaintiff - Appellant,

v.

VALENE FERNANDEZ,

    Defendant - Appellee.

No. 14-2173
(D.C. No. 1:14-CV-00277-MV-RHS)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **ANDERSON**, and **BACHARACH**, Circuit Judges.[**]

Plaintiff-Appellant Linda Eckert Ballard filed suit in federal court seeking damages for personal injuries she sustained as the result of an automobile accident she had with Defendant-Appellee Valene Fernandez. Defendant moved to dismiss the complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Plaintiff sought leave to proceed in forma pauperis, which the

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

district court granted, but then dismissed the case without prejudice for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B). Ballard v. Fernandez, No. 1:14-cv-00277-MV-RHS, Memo. Op. & Order at 2, 4 (May 15, 2014) (ECF 19), 1 R. at 61–64. The district court subsequently denied Plaintiff's motion for reconsideration, noting that amendment would be futile. 1 R. at 101–03. On appeal, Plaintiff argues that the district court erred by failing to consider issues and exhibits supporting federal jurisdiction and by failing to allow her to file an amended complaint. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

Plaintiff's complaint asserted that jurisdiction was proper under 28 U.S.C. §§ 1331 (federal question), 1332 (diversity of citizenship), and 1367 (supplemental). 1 R. at 4. After a review of the complaint and the allegations contained therein, the district court concluded that there was no basis upon which it could exercise jurisdiction. We agree that jurisdiction was lacking and that dismissal was proper.

Plaintiff appears to have abandoned any claims that jurisdiction was proper under §§ 1332 or 1367.[1] Plaintiff instead contends that federal question

---

[1] Plaintiff does not challenge the district court's ruling that there was no diversity jurisdiction under § 1332. It is clear that diversity was lacking because, as the complaint itself recites, both Plaintiff and Defendant were citizens of New Mexico when the suit was filed. 1 R. at 4–5; see Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005) (reciting the "complete diversity" rule for jurisdiction under 28 U.S.C. § 1332).

jurisdiction was proper pursuant to § 1331. We disagree. That statute vests federal district courts with jurisdiction over claims "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003) (quoting Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)). In other words, "[t]o determine whether the claim arises under federal law, we examine the 'well pleaded' allegations of the complaint and ignore possible defenses.'" Id. Here, Plaintiff supports her jurisdictional argument by asserting that her case implicates "funds which should be reimbursed to Medicare." 1 R. at 67. We first note that this assertion was not included in Plaintiff's complaint—it was made in a "Motion to Strike[,] Response in Opposition to Defendant [sic] Motion to Dismiss." Id. at 38–39. The complaint itself contains no factual allegations that support her claim that her negligence cause of action arises under federal law. To the contrary, the complaint indicates that her sole cause of action is a garden-variety negligence claim with no nexus to federal law. In any event, Plaintiff's contention that her personal injury claim implicates the reimbursement of Medicare funds is insufficient to invoke federal question jurisdiction. Furthermore, without any basis to exercise original jurisdiction under §§ 1331 or 1332, the district court had no authority to exercise

- 3 -

jurisdiction over Plaintiff's claim under § 1367.  28 U.S.C. § 1367(a).

Accordingly, we conclude that the district court's dismissal of Plaintiff's

complaint was proper as was its decision to deny leave to amend.

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge