**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 21-1536
_____

ALFRED DEGENNARO,
                                        Appellant

v.

DR. BARRY N. GRABELLE, M.D., F.A.A.F.P; STATE OF NEW JERSEY

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3:19-cv-16419)
District Judge: Honorable Michael A. Shipp

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on November 17, 2021

Before: CHAGARES, BIBAS, and FUENTES, *Circuit Judges*

(Filed:  November 22, 2021)

_____

**OPINION**[*]

_____

BIBAS, *Circuit Judge*.

Federal jurisdiction is limited; most cases belong in state court. Alfred DeGennaro tries

to evade these limits by dressing up his state-law malpractice claim with a federal

---

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

constitutional challenge. But this disguise is transparent. Because the well-pleaded complaint reveals no real federal claim, the District Court properly dismissed for lack of jurisdiction.

DeGennaro fell ill with a thyroid condition. To help, Dr. Barry Grabelle prescribed him medicine. Unfortunately, DeGennaro suffered side effects, including depression and hair loss. So he sued Grabelle for malpractice in federal district court. Ordinarily, this suit would belong in state court: that claim arises under state law, and he does not plead that the two parties hail from different states. To manufacture federal jurisdiction, he tacks on a federal challenge to New Jersey's law requiring malpractice plaintiffs to provide a doctor's affidavit certifying substandard care. N.J. Stat. Ann. §2A:53A-27. He claims that this state rule burdens his due-process and equal-protection rights of access to the courts, so he should not have to comply with it.

The District Court rejected his attempt to make a federal case out of it. Under the well-pleaded-complaint rule, "the federal question must appear on the face of the complaint." App. 12 (quoting *United Jersey Banks v. Parell*, 783 F.2d 360, 365 (3d Cir. 1986)). "[F]ederal jurisdiction cannot be created by anticipating a defense based on federal law." *Id.* DeGennaro's challenge to the discovery statute did just that: it *anticipated* the defendant's objection and responded to it.

On appeal, DeGennaro argues at length about the merits of the discovery rule, an issue not before us. He digresses as far afield as John Locke's influence on the Declaration of Independence. DeGennaro also claims to satisfy the well-pleaded-complaint rule. He says his complaint raises a federal question by challenging the "sequence of events … during

2

discovery." Appellant's Br. 31. Yet he never explains how his challenge to the discovery statute forms part of "his own cause of action." *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). His challenge here is just a preemptive excuse for his plan to violate it. That is not enough. *Id.*

Finally, DeGennaro claims an exception to the well-pleaded-complaint rule because his federal question is "so important and far reaching." Appellant's Br. 33. That argument flops too. True, a few state-law claims involve federal issues so important that "the national interest in providing a federal forum … is sufficiently substantial." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 310 (2005). But this "slim category" is limited to federal issues that are "actually disputed" and vital to the whole federal system. *Gunn v. Minton*, 568 U.S. 251, 258 (2013).

This case does not fall within that rare exception. First, the discovery statute's validity is not "actually disputed." *Id.* It is not the heart of the merits. *Id.* Indeed, Grabelle never challenged DeGennaro's plan to flout it.

Plus, the federal issue is not nationally important. State courts routinely adjudicate federal constitutional issues. As Justice Story put it, the Constitution "not only contemplate[s], but meant to provide …. that in the exercise of their ordinary jurisdiction, state courts would incidentally take cognizance of [issues] arising under the [C]onstitution." *Martin v. Hunter's Lessee*, 14 U.S. (1 Wheat.) 304, 342 (1816). This case is far afield from the few national issues that justify an exception. *Cf. Grable*, 545 U.S. at 315 (addressing the ability of the federal government to recover delinquent taxes); *Smith v. Kansas City Title & Tr.*

*Co.*, 255 U.S. 180, 199 (1921) (addressing the constitutionality of federal banks and their bonds). A technical local rule for medical malpractice does not compare.

Because there is no federal question here, we will affirm the District Court's dismissal. Indeed, this suit falls so squarely beyond our jurisdiction that DeGennaro, a New Jersey lawyer representing himself, should have known better than to bring it in federal court. He pressed on regardless, wasting courts' time. And this is not his first frivolous action. We have previously admonished him for "convoluted arguments" that come "nowhere close" to serious legal contentions. *DeGennaro v. Am. Bankers Ins. Co. of Fl.*, 737 Fed. App'x 631, 636 (3d Cir. 2018). We warn DeGennaro to think carefully before continuing his pattern of frivolous litigation.