**FORT WAYNE COMMUNITY SCHOOLS, Plaintiff,**

v.

**FORT WAYNE EDUCATION ASSOCIATION; and United States Postal Service, Defendants.**

**Civ. No. F 89–205.**

United States District Court,
N.D. Indiana,
Fort Wayne Division.

Aug. 17, 1990.

**1032**

James P. Fenton, Barrett & McNagny, Daniel E. Serban, Shambaugh, Kast, Beck & Williams, Fort Wayne, Ind., for plaintiff.

Richard J. Darko, Indianapolis, Ind., Lisa A. Olson, U.S. Dept. of Justice, Civ. Div., Washington, D.C., Tina Nommay, Office of U.S. Atty., Fort Wayne, Ind., for defendants.

## ORDER ON MOTIONS FOR SUMMARY JUDGMENT

ALLEN SHARP, Chief Judge.

The undisputed factual background for this cause is set forth in the court's Order on Motions to Dismiss and to Abstain from Exercising Jurisdiction, published at 735 F.Supp. 907 (N.D.Ind.1990).

The single issue presented here is the legal question whether the Private Express

Statutes,[1] recently interpreted by the Supreme Court in *Regents of the University of California v. Public Employment Relations Board (Regents)*, 485 U.S. 589, 108 S.Ct. 1404, 99 L.Ed.2d 664 (1988), prohibit the Fort Wayne Community Schools from carrying Fort Wayne Education Association correspondence to union membership—pursuant to the parties' collective bargaining agreement—without the payment of postage to the Postal Service.

All parties to this litigation acknowledge, as they must, that the general prohibition of the Private Express Statutes applies to the carriage of correspondence involved here. The question is whether such carriage falls within one of the exceptions to the Statutes. Only the "letters-of-the-carrier" exception is relevant here.

The "letters-of-the-carrier" exception appears at 18 U.S.C. § 1694 and provides:

> Whoever ... carries, otherwise than in the mail, any letters or packets, *except such as relate ... to the current business of the carrier* ... shall, except as otherwise provided by law, be fined not more than $50 (emphasis added).

The Supreme Court in *Regents* noted that without this exception no private entity could operate an internal mail system at all. *Regents*, 485 U.S. at 594, 108 S.Ct. at 1408. The Court found this exception a narrow one, limited to letters that qualify as "business of the carrier," *id.* at 597, 108 S.Ct. at 1410, but declined to elaborate upon precisely what constitutes the carrier's current business. The Court simply held that the union's efforts to organize employees into a bargaining unit did not relate to the current business of the university and thus did not come within the exception.

The Fort Wayne case is distinguishable from *Regents*. Unlike the union in that case, the Fort Wayne Education Association serves as the exclusive bargaining representative for the school district's employ-

---

**1.** Congress enacted the Private Express Statutes, 18 U.S.C. §§ 1693–1699, 39 U.S.C. §§ 601–606, pursuant to its constitutional authority to establish "Post Offices and Post Roads." U.S. Const., Art. I, § 8, cl. 7. "These statutes establish the postal monopoly and generally prohibit carriage of letters over postal routes without the payment of postage to the United States Postal Service." *Regents*, 485 U.S. at 591, 108 S.Ct. at 1407.

ees. The teachers union argues that its business as exclusive representative *is* the school corporation's business also, thus bringing the union correspondence within the "letters-of-the-carrier" exception. This court disagrees, however, and finds that this distinction has no significance for purposes of the Private Express Statutes.

In the only other Supreme Court case addressing the "letters-of-the-carrier" exception, *United States v. Erie R. Co.*, 235 U.S. 513, 35 S.Ct. 193, 59 L.Ed. 335 (1915), the Court held that the specific letters at issue fell within the scope of the exception because "[t]hey were written by an employee of the [carrier] in his official capacity and addressed to other employees in their capacities as representatives of the [carrier]." *Regents*, 485 U.S. at 597, 108 S.Ct. at 1409–10.

This court holds that the "letters-of-the-carrier" exception—read narrowly, as the Supreme Court counsels—does not countenance an employer's delivery through its in-house mail system of labor union correspondence addressed to union members. This result follows in this case because a teacher's role as school corporation employee is different from his capacity as dues-paying member of the local teachers union. The two organizations are separate entities; their functions and interests are distinct; they are not the same business. Although the affairs of the school corporation and the union necessarily overlap—or, are "related"—more than mere "relatedness" is contemplated under *Erie*. The arbitrator's judgment permitting the school corporation to carry union correspondence to union members without the payment of postage is thus contrary to federal law.

This court will not undertake to resolve whatever state law questions remain. Whether the collective bargaining agreement—as interpreted—nevertheless requires the school corporation to deliver the association's mail and pay appropriate postage thereon is an issue properly left to a state court of competent jurisdiction.

The motions of the Postal Service and the Fort Wayne Community Schools for summary judgment are hereby GRANTED.

IT IS SO ORDERED.