**NEW YORK BANKERS ASSOCIATION, INC., The Canandaigua National Bank and Trust Company and CNB Operating Subsidiary No. 1, Inc., Plaintiffs,**

v.

**Hon. Neil D. LEVIN, in his capacity as the Superintendent of the State of New York Insurance Department, Defendant,**

and

**New York State Association of Life Underwriters, Inc., Professional Insurance Agents of New York, Inc., and Independent Insurance Agents Association of New York, Inc., Intervenor–Defendants.**

No. 97–CV–6423T.

United States District Court, W.D. New York.

March 27, 1998.

David M. Schraver, Nixon, Hargrave, Devans & Doyle, L.L.P., Rochester, NY, Flor M. Colon, Nixon, Hargrave, Devans & Doyle, L.L.P., Rochester, NY, for New York Bankers Association, Inc., Canandaigua National Bank and Trust Co., CNB Operating Subsidiary No. 1, Inc.

Rene Davison, Attorney General, Rochester, NY, Peter B. Sullivan, Buffalo, NY, for Neil D. Levin.

Kenneth A. Payment, Rochester, NY, Anne M. Kappler, Scott A. Sinder, Jenner & Block, Washington, DC, for New York State Association of Life Underwriters, Inc., Professional Insurance Agents of New York, Inc., Independent Insurance Agents Association of New York, Inc.

Clifford S. Weber, Serchuk & Zelermyer, L.L.P., White Plains, NY, for Community Bankers Association of New York State, Inc.

Cory C. Caouette, Washington, DC, for United States Office of the Comptroller of the Currency.

## DECISION and ORDER

TELESCA, District Judge.

### INTRODUCTION

Plaintiffs New York Bankers Association, Inc., Canandaigua National Bank and Trust Company, and CNB Operating Subsidiary No. 1, Inc., bring this action pursuant to the United States Constitution and the National Bank Act, codified at 12 U.S.C. § 24 et seq. claiming that defendant Neil Levin, ("Levin" or "the Superintendent"), in his capacity as the Superintendent of the State of New York Insurance Department has violated their federal and constitutional rights by improperly enforcing § 2501 of the New York Insurance Law, against them. Specifically, plaintiffs allege that § 2501, which prohibits banking institutions from negotiating real or personal property insurance policies which are the subject matter, or security for, a loan made from a bank, is pre-empted by the National Bank and Federal Reserve Acts, and that the Superintendent should be enjoined from enforcing that section against them.

Defendant Levin, and intervenor-defendants the New York State Association of Life Underwriters, Inc., the Professional Insurance Agents of New York, Inc., and the Independent Insurance Agents Association of New York, Inc., move for a continuance pursuant to Rule 56(f) of the Federal Rules of Civil Procedure on grounds that they are unable to respond to plaintiffs' factual allegations without first engaging in discovery. Defendants argue that without discovery, they are unable to respond to plaintiffs' claims that the enforcement of § 2501 against the them "significantly interferes with" their authority under the National Banks Act to sell insurance policies.

The Office of the Comptroller of the Currency, and the Community Bankers Association of New York State, Inc., move to file amicus curiae briefs in support of plaintiffs' motion for summary judgment.

For the reasons set forth below, I hereby grant plaintiffs' motion for summary judgment, deny defendants' motion for a continuance, and grant the amicus petitioners' motions to file an amicus brief.

## BACKGROUND

Plaintiff Canandaigua National Bank, ("Canandaigua"), is a nationally-chartered banking association organized and existing under the National Bank Act, codified at 12 U.S.C. § 21 et seq. As part of its banking business, Canandaigua owns and operates a branch bank at 4 Main Street in the Village of Bloomfield, New York. According to 1990 Census data, the Village of Bloomfield has a population of 1331 inhabitants.[1] In October 1996, pursuant to Article 21 of the New York Insurance Law, Canandaigua applied for an insurance agent's license to sell insurance policies at its Bloomfield branch. On July 18, 1997, the Insurance Department granted Canandaigua's request, subject to conditions imposed upon the bank under Section 2501 of the New York Insurance law which provides in relevant part that:

> No insurance agent or broker ... who is owned or controlled, directly or indirectly by a bank shall negotiate any policy of insurance covering real or personal property which is the subject matter of, or security for a loan or extensions of credit made by the bank of any other bank which is owned or controlled, directly or indirectly, by such bank.

Insurance Law § 2501(a) (McKinney 1985).

Plaintiffs contend that their right to sell insurance as conferred upon them by Section 13 of the Federal Reserve Act cannot be restricted by the application of § 2501(a). Section 13 of that Act, which is codified at 12 U.S.C. § 92, gives national banks the right to sell insurance policies provided that the bank does business in a community of 5,000 inhabitants or less, as determined by the most recent decennial census. 12 U.S.C.A. § 92. (West Supp.1997). Section 13 of the Federal Reserve Act provides in relevant part that:

> In addition to the powers now vested by law in national banking associations organized under the laws of the United States any such association located and doing business in any place the population of which does not exceed five thousand inhabitants, as shown by the last preceding de-

cennial census, may, under such rules and regulations as may be prescribed by the Comptroller of the Currency, act as the agent for any fire, life, or other insurance company authorized by the authorities of the State in which said bank is located to do business in said State, by soliciting and selling insurance and collecting premiums on policies issued by such company; and may receive for services so rendered such fees or commissions as may be agreed upon between the said association and the insurance company for which it may act as agent. . . .

12 U.S.C.A. § 92 (1997 Supp.).

Plaintiffs contend that § 2501 unlawfully restricts them from selling specific types of insurance policies to its loan customers, and therefore conflicts with their unrestricted rights to sell insurance under the Federal Reserve Act.

## DISCUSSION

The Supreme Court held in *Barnett Bank of Marion County, N.A. v. Nelson,* 517 U.S. 25, 116 S.Ct. 1103, 134 L.Ed.2d 237, (1996) held that 12 U.S.C. § 92 pre-empted a Florida state law which prohibited national banks serving communities of less than 5,000 inhabitants from selling insurance policies. The Court held that although a State may regulate national banks doing business within a State's jurisdiction, a state may not "prevent or significantly interfere with the national bank's exercise of its [federally conferred] powers." *Id.* 116 S.Ct. at 1109.

Plaintiffs allege that the restrictions imposed by New York Insurance Law § 2501 significantly interfere with their rights to sell insurance policies under the Federal Reserve Act, in that New York Law prohibits the plaintiffs from selling certain insurance products to its loan customers permitted by the Federal Reserve Act. Defendants contend that without conducting discovery, they are unable to respond to plaintiffs' claim that § 2501 has "significantly interfered" with their ability to sell insurance. Accordingly,

---

**1.** In 1993, the villages of East Bloomfield, New York and Holcomb, New York, combined to form the Village of Bloomfield. The 1990 populations of East Bloomfield and Holcomb were 541 and 790 respectively. Upclose Publishing, *Upclose Census Digest* (1992).

defendants seek a continuance until discovery on this limited issue can be completed.

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." When considering a motion for summary judgment, all inferences and ambiguities must be resolved in favor of the party against whom summary judgment is sought. *Gallo v. Prudential Residential Services*, 22 F.3d 1219, 1223 (2d Cir.1994). If, after considering the evidence in the light most favorable to the nonmoving party, the court finds that no rational jury could find in favor of that party, a grant of summary judgment is appropriate. *Id.* at 1224. In the instant case, I find that there is no material question of fact in dispute, and that plaintiffs are entitled to judgment as a matter of law.

It is uncontroverted that plaintiff Canandaigua operates a nationally-charted bank, and that its Bloomfield branch operates in an area in which the population does not exceed 5,000 inhabitants. The only potential issue of fact is whether or not the imposition of New York Insurance Law § 2501 on the plaintiffs "significantly interferes" with the exercise of their powers under federal law. If so, then federal law will pre-empt the state regulation, and the state provision may not be imposed upon the federal bank. *Barnett Bank*, 517 U.S. at 33, 116 S.Ct. at 1109.

I find that as a matter of law, § 2501 significantly interferes with a plaintiffs' federally conferred right to sell insurance products to its loan customers. While federal law allows specified National Banks to sell *any* type of insurance to its loan customers, § 2501 restricts the types of insurance that may be offered to plaintiffs' loan customers. *See Barnett*, 517 U.S. at 33–34, 116 S.Ct. at 1109–1110 (stating that Section 12 U.S.C. § 92 explicitly grants national banks authorization, permission, and power to sell insurance and that Congress gave no indication that such power was subject to local restric-

tion). Since Section 2501, by its terms, restricts the market to which plaintiffs may offer their insurance products, I find that that restriction constitutes an interference with plaintiffs' rights under Section 13 of the Federal Reserve Act. I therefore hold that § 2501 is pre-empted by 12 U.S.C. § 92, and the Superintendent may not impose § 2501 restrictions against a qualified national-bank doing business in an area of 5,000 inhabitants or less.

### CONCLUSION

Plaintiff's motion for summary judgment is granted. Defendants' motion for a stay pending discovery is denied. The amicus petitioners' motions to file amicus curiae briefs are granted.

ALL OF THE ABOVE IS SO ORDERED.