# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3931/3963

_____

Peggy S. Crews,                          *
on behalf of herself                     *
and others similarly situated,           *
                                         *
      Appellant/Cross-Appellee,      *
                                         *    Appeal from the United States
    v.                             *    District Court for the Eastern
                                         *    District of Missouri.
General American Life                     *
Insurance Company,                       *
a corporation,                           *
                                         *
      Appellee/Cross-Appellant.      *

_____

Submitted:  November 12, 2001

Filed: December 17, 2001

_____

Before WOLLMAN, Chief Judge, MORRIS SHEPPARD ARNOLD, Circuit Judge,
    and SMITH,[1] District Judge.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

    Peggy Crews, an employee of General American Life Insurance Company,
filed suit against the company in Missouri state court, on behalf of herself and other

_____

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western
District of Missouri.

employees, alleging that General American did not provide them with promised benefits. After General American removed the lawsuit to the United States District Court for the Eastern District of Missouri, the district court denied Ms. Crews's motion to remand.

Ms. Crews then filed an amended complaint containing three counts: Count I alleged a violation of the Employee Retirement Income Security Act (ERISA), *see* 29 U.S.C. §§ 1001-1461, Count II alleged breach of contract, and Count III alleged misrepresentation. The district court granted General American summary judgment on Count I, and dismissed Counts II and III because, in its judgment, they were preempted by ERISA. We agree with Ms. Crews that removal was improper, and we therefore vacate the district court's judgment and remand the case to the district court with instructions to remand it to the state court for further proceedings.

I.

A defendant has a right to remove a case from state to federal court if the plaintiff's cause of action arose under federal law. *See* 28 U.S.C. § 1441(b). A cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law, *see Louisville and Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908), so a cause is not removable simply because a federal defense like preemption may be raised in it. *See Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10-12 (1983). But the Supreme Court has held that for the purposes of the "well-pleaded complaint" rule federal law "may so completely pre-empt a particular area" that any civil complaint in that area, however it might be pleaded, necessarily raises a federal question. *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63-64 (1987). The Court has concluded that ERISA is such a law. *See id.* at 63-67. Common-law causes of action filed in state court that come within the scope of one provision of ERISA, 29 U.S.C. § 1132(a)(1)(B), and that are preempted by another provision, 29 U.S.C. § 1144(a), are removable to federal court. *See id.* at 64-67.

Section 1132(a)(1)(B) provides that a beneficiary may bring a civil action in federal court to recover benefits due to him or her under the terms of an employee benefit plan. As relevant, § 1144(a), provides that ERISA preempts state laws insofar as they "relate to any employee benefit plan." The central issue in this case is whether General American's alleged promise to provide employees who stayed with the company through a fixed date with benefits was premised on or constituted an employee benefit plan. If so, Ms. Crews's action comes within the scope of § 1132(a)(1)(B) and is preempted by § 1144(a), and hence her action was removable to federal court. If not, then removal was improper.

The district court concluded that the promised benefits were derived from an employee benefit plan because they "were those contained" in General American's "established severance pay plan." We believe, however, that there are significant differences between the benefits allegedly promised to the employees here and the undertakings in General American's established severance pay plan. To begin with, the company's established plan provides for one week of severance pay for each completed year of service for employees who have worked for more than two years; Ms. Crews, in contrast, alleges that she and other employees were promised eight weeks of severance pay in addition to one week of severance for each completed year of service. General American's severance pay policy, moreover, is completely discretionary, whereas the benefits allegedly promised here were not subject to any discretion on the company's part. Finally, the company's severance policy is for employees who have been terminated, but Ms. Crews contends that benefits were promised to her and other employees as a "stay-on bonus" if they remained with the company through a fixed date.

The district court, in its order granting summary judgment on Count I, appears to account for these differences by characterizing the promises allegedly made to the

employees as attempted oral amendments to the company's severance plan. If the alleged promises were simply an attempt to amend the existing plan, then it follows that they were based on that plan and Ms. Crews's action would fall within § 1132(a)(1)(B) and would be preempted by § 1144(a). But we discern nothing in the record to indicate that the alleged promises constituted a change in the company's plan as opposed to a distinct, one-time offer of benefits. In fact, Ms. Crews alleges that General American did not even mention the severance pay plan when promising the "stay-on bonus." In short, the significant differences between the company's existing plan and the promised benefits, as well as the lack of any evidence linking them to each other, lead us to conclude that the promised benefits were free-standing and were not premised in any way on the existing plan.

We turn, then, to the question of whether the promised benefits themselves constituted an ERISA plan. Severance benefits are characterized as a plan when they "require[] an ongoing administrative program to meet the employer's obligation," *Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1, 11 (1987). When determining whether payments require an ongoing administrative scheme, we consider whether the payments are one-time lump sum payments or continuous payments, whether the employer undertook any long-term obligation with respect to the payments, whether the severance payments come due upon the occurrence of a single, unique event or any time that the employer terminates employees, and whether the severance arrangement under review requires the employer to engage in a case-by-case review of employees. *See Emmenegger v. Bull Moose Tube Co.,* 197 F.3d 929, 934-35 (8th Cir. 1999); *Kulinski v. Medtronic Bio-Medicus, Inc.,* 21 F.3d 254, 256-58 (8th Cir. 1994).

It is clear on the record before us that the promise allegedly made to the plaintiffs required a one-time lump sum payment, that General American did not undertake any long-term obligations under it, and that it was made in response to a

single, unique event, namely, the termination of General American's contract with the Health Care Finance Administration. We believe that *Emmenegger,* 197 F.3d at 935, on which the defendant relies, is therefore inapposite because in that case the relevant severance plan required continuous payments, it imposed long-term obligations on the employer, and payments became due under it whenever an employee was fired.

We believe, moreover, that General American did not need to conduct a case-by-case review to determine whether an employee qualified for the promised benefits. The facts in this case are different from those in *Collins v. Ralston Purina Co.*, 147 F.3d 592 (7th Cir. 1998), which the district court cited for the proposition that paying retention benefits may necessitate a case-by-case review. In *Collins*, 147 F.3d at 597, the employer had an agreement with certain employees promising them benefits if their duties were "substantially reduced," which created the need for case-by-case review and an administrative scheme. In contrast, here any General American employee who was a Medicare Part B associate and who stayed through a fixed date was eligible for the promised benefits; determining eligibility was "simple" and "mechanical." *See Kulinski,* 21 F.3d at 258.

In short, we believe that all four of the considerations that we have identified as relevant militate in favor of a holding that General American's promised benefits did not constitute an ERISA plan. The promised benefits are analogous to the "stay-on bonus" involved in *Velarde v. PACE Membership Warehouse Inc.*, 105 F.3d 1313, 1315 (9th Cir. 1997), which the Ninth Circuit held was a one-time promise to employees and did not constitute an ERISA plan, *see id.* at 1317. Ms. Crews relies heavily on this case, but the district court did not believe that it was on point because the employer in *Velarde*, unlike General American, did not have an existing severance pay plan. While this distinction is relevant in assessing whether General American's promised benefits were premised on its severance plan, it is not relevant in assessing whether the company's promised benefits, by themselves, constitute a plan. In our

judgment, therefore, the reasoning in *Velarde* provides additional support for our holding.

## III.

In sum, we believe that General American's promised benefits were neither premised on nor constituted an employee benefit plan. It follows that Ms. Crews's action does not fall within the scope of § 1132(a)(1)(B) and is not preempted by § 1144(a). We hold, therefore, that the district court should not have assumed jurisdiction, and we vacate the district court's judgment and remand the case to the district court with directions that it remand the case to the state court from which it was wrongly removed.

A true copy.


Attest:


CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.