UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

NORTH JEFFERSON SQUARE
ASSOCIATES, L.P.,
                    *Plaintiff-Appellee,*

and

SHELTER MANAGEMENT CORPORATION,
                    *Plaintiff,*

v.

VIRGINIA HOUSING DEVELOPMENT
AUTHORITY,
                    *Defendant-Appellant,*

v.

U.S. DEPARTMENT OF HOUSING &
URBAN DEVELOPMENT,
     *Third Party Defendant-Appellee.*

No. 00-1685

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Raymond A. Jackson, District Judge.
(CA-98-77-4)

Argued: June 5, 2001

Decided: April 4, 2002

Before WILKINS, LUTTIG, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

**ARGUED:** Carl Fisher Bowmer, CHRISTIAN & BARTON, L.L.P., Richmond, Virginia, for Appellant. Michael Bruce Ware, JONES, BLECHMAN, WOLTZ & KELLY, P.C., Newport News, Virginia, for Appellee North Jefferson Square; George Maralan Kelley, III, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee HUD.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

North Jefferson Associates, L.P. ("North Jefferson") filed a breach of contract action against Virginia Housing Development Authority ("VHDA"), and VHDA filed a third-party complaint seeking a declaratory judgment against the United States Department of Housing and Urban Development ("HUD"). VHDA appeals the district court's order dismissing its third-party complaint without prejudice and remanding the case against North Jefferson to state court. We affirm on the reasoning of the district court.

I.

North Jefferson and VHDA were parties to both a Mortgage Deed of Trust and a Housing Assistance Payments Contract ("HAP Contract").[1] The Mortgage Deed of Trust between North Jefferson and

---

[1]Pursuant to the HAP Contract, VHDA provided housing assistance payments to North Jefferson on behalf of eligible tenants. The payments provided are the difference between the maximum rent provided for each apartment unit in the HAP Contract ("contract rent"), and the rent the tenant family was required to provide based on its family income, as

VHDA provided that the interest rate paid by North Jefferson on the mortgage was tied to the interest rate VHDA paid on the bonds it had issued to finance the mortgage. J.A. 159. Paragraph 2.7(g)(2) of the HAP Contract between VHDA and North Jefferson provides that if the "actual debt service to the Owner [North Jefferson] under the permanent financing is lower than the anticipated debt service on which the Contract Rents are based, due to lower interest rates or to a longer term on the permanent financing," the contract rents "must be reduced commensurately and the amount of the savings credited to the project account." J.A. 118.

North Jefferson sued VHDA in state court, alleging, *inter alia*, that when VHDA reissued the bonds it had used to finance the mortgage to North Jefferson at a lower interest rate, VHDA was required to reduce both the contract rent and the debt service to North Jefferson. Moreover, North Jefferson claimed that it was entitled to any savings that had accumulated as a result of the variance in interest between what VHDA paid on the bonds and what VHDA required North Jefferson to pay on its mortgage.

In its demurrer, VHDA denied that paragraph 2.7(g)(2) of the HAP Contract applied to reissuing the bonds at a lower interest rate, and claimed that North Jefferson was not entitled to any surplus or savings that resulted from the bond refinancing. However, VHDA noted that HUD "may be entitled to all or a part" of any savings or surplus and "may be entitled to reduce rent subsidy payments based on any reduction in the debt service payable by North Jefferson." J.A. 81.

VHDA removed the case to federal district court and moved to join HUD as a necessary party defendant,[2] arguing that HUD "claims an

---

established in 42 U.S.C. § 1437a(a). 42 U.S.C. § 1437f(c)(3). VHDA entered into a separate agreement, an Annual Contributions Contract ("ACC"), with HUD. Under the ACC, HUD provides funds to VHDA, and VHDA uses the funds obtained from HUD to make the housing assistance payments to North Jefferson.

[2]North Jefferson, in turn, filed an amended complaint adding HUD as a party defendant. The district court granted HUD's motion to dismiss North Jefferson's complaint, a ruling that North Jefferson did not appeal.

interest in any savings which may result from the bond refinancing," and that if VHDA were ordered to pay any savings to North Jefferson, VHDA might otherwise be subject to double liability in case of a subsequent claim to the same funds by HUD. J.A. 84. Subsequently, VHDA filed a third-party complaint seeking declaratory judgment against HUD with respect to VHDA's rights and obligations under VHDA's Deed of Trust and HAP Contract with North Jefferson.

The district court referred HUD's motions to dismiss to a magistrate judge. After a hearing, the magistrate judge recommended that the motions be granted, and that the case be remanded to state court. The district court accepted the magistrate judge's report and recommendation and entered an order granting HUD's motions and remanding the case to state court.

## II.

The Declaratory Judgment Act provides, in relevant part, that:

> In the *case of actual controversy* within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such a declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201 (emphasis added). To determine whether an "actual controversy" exists, a court considers "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, *of sufficient immediacy and reality* to warrant the issuance of a declaratory judgment." *Maryland Casualty Co.* v. *Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941) (emphasis added).

HUD is not a party either to the HAP Contract or to the Mortgage Deed of Trust upon which North Jefferson's claims are based. Nonetheless, VHDA contends that there is an Article III case or controversy because HUD *may* at some future time seek to reclaim subsidies it provided to VHDA for North Jefferson. Relatedly, VHDA also alleges that HUD "has an unasserted claim to the 'savings' arising

from its rights in the Project Account to which the savings must be credited." Appellant's Br. at 30.

The district court noted that HUD is not a party to, and has made no claim under, either the Mortgage Deed of Trust or the HAP Contract between VHDA and North Jefferson. The district court also recognized that "HUD has no adverse legal position to [VHDA], indeed, HUD has no legal position at all and HUD has not made any administrative decision to take action." J.A. 243-44.

Upon review of the parties' briefs and the applicable law, and having had the benefit of oral argument, we agree that there was "no controversy of any immediacy and, accordingly, no jurisdiction." J.A. 243-44. Consequently, we affirm, on the reasoning of the district court, the dismissal of VHDA's third-party complaint seeking a declaratory judgment against HUD.

### III.

VHDA also argues that the district court erred in remanding North Jefferson's contract claim against VHDA to state court for lack of federal question jurisdiction. 28 U.S.C. § 1331. Under the well-pleaded complaint rule, federal question jurisdiction exists only when a federal question appears on the face of plaintiff's complaint. *Louisville & Nashville R.R. Co.* v. *Mottley*, 211 U.S. 149, 153 (1908). Where state, rather than federal, law creates the cause of action, "federal question jurisdiction depends on whether the plaintiff's demand 'necessarily depends on resolution of a substantial question of federal law.'" *Mulcahey* v. *Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citations omitted). "If federal jurisdiction is doubtful, a remand is necessary." *Id.*

While VHDA argues that North Jefferson's claims arise under federal law, or at least depend upon resolution of a substantial question of federal law, there is no specific reference to federal law in any of the enumerated claims in North Jefferson's amended complaint, all of which are made under breach of contract theories, and each of which cites only contractual provisions. Thus, the face of the amended complaint does not disclose "that some substantial, disputed question of federal law is a necessary element of one of the well pleaded claims."

*Franchise Tax Bd.* v. *Construction Laborers Vacation Trust*, 463 U.S. 1, 13 (1988). Rather, as the district court held, it is apparent from the face of the amended complaint that the dispute between North Jefferson and VHDA turns upon the interpretation of the Mortgage Deed of Trust, the HAP Contract, and related documents, a question of state contract law.

Consequently, having considered all of the arguments presented by VHDA, we also affirm the district court's judgment remanding the case to the Circuit Court of the City of Newport News, Virginia, for lack of federal question jurisdiction.

*AFFIRMED*