Eugene **FRANYUTTI**, Plaintiff,

v.

**HIDDEN VALLEY MOVING AND STORAGE, INC.,** Defendant.

No. Civ.A.SA–04–CA–0019–XR.

United States District Court,
W.D. Texas,
San Antonio Division.

July 2, 2004.

Robert Paul Wilson, Law Office of Robert P. Wilson, Boerne, TX, for Plaintiff.

Vic Houston Henry, Henry Oddo Austin & Fletcher, P.C., Dallas, TX, for Defendant.

## ORDER

RODRIGUEZ, District Judge.

On this day, the Court considered Plaintiff's Motion to Remand, Defendant's Response, and Defendant's Motion to Dismiss or, alternatively, for a more definite statement. The Court DENIES Plaintiff's Motion to Remand (docket no. 3) and GRANTS, in part, and DENIES, in part, Defendant's Motion (docket no. 8).

Plaintiff contracted with May Flower Transit, Inc., an authorized agent of Defendant Hidden Valley Moving and Storage, Inc., to move his household goods from California to San Antonio, Texas. Upon arrival in Texas, Defendant allegedly charged Plaintiff a higher amount than orally agreed to and delivered the goods at least three days late. Plaintiff brought an action in state court alleging common law fraud and violations of the Texas Deceptive Trade Practices Act.

■ Defendant removed this action asserting that Plaintiff's claims are preempted under federal law. 28 U.S.C. § 1441(b). Defendant argues that this action involves tariff charges for the interstate shipment of goods and that the Interstate Commerce Act, including the Carmack Amendment, preclude Plaintiff's state law claims. The Carmack Amendment actually consists of three provisions that provide for liability against rail carriers, carriers un-

der receipts and bills of lading, and pipeline carriers. 49 U.S.C. §§ 11706, 14706 and 15906. Plaintiff argues that the preemption doctrine does not apply.

 "[A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws...." *Carpenter v. Wichita Falls Ind. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir.1995). This is generally known as the well-pleaded complaint rule. *See Louisville & Nashville R Co. v. Mottley*, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908). Under this rule, federal question jurisdiction exists only if a federal question appears on the face of plaintiff's complaint. *Id.* An assertion of a federal defense, even when anticipated in light of plaintiff's complaint, will not create jurisdiction under federal law. *Carpenter*, 44 F.3d at 366. When an area of state law however, is completely preempted, the plaintiff's suit may be removed. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003).

Here, the Fifth Circuit has recently concluded that the Carmack Amendment provides *"the exclusive cause of action for loss or damages to goods arising from the interstate transportation of those goods by a common carrier."* *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 778 (5th Cir.2003) (emphasis in original). While the Fifth Circuit seemed to emphasis that the complete preemption doctrine should be limited to actual loss or damage of goods, it relied, in part, on a previous decision holding that "the Carmack Amendment, as judicially interpreted, provides an *exclusive* remedy for a breach of contract of carriage provided by a bill lading." *Air Products & Chemicals, Inc. v. Ill. Central Gulf R.R. Co.*, 721 F.2d 483, 484–85 (5th Cir.1983) (emphasis in original). In light of this

prior ruling, the term "loss" must be construed broadly and encompass the complete regulatory scheme envisioned by the Interstate Commerce Act. *See also N.Y., Philadelphia, & Norfolk R.R. Co. v. Peninsula Produce Exch. of Md.*, 240 U.S. 34, 38, 36 S.Ct. 230, 60 L.Ed. 511 (1916) (interpreting the term "loss" under the Carmack Amendment providing for liability against railroad carriers). For example, Plaintiff alleges that Defendant delivered his household goods three days late. Under 49 U.S.C. § 13704, a carrier must provide a separate rate for delivery that is not guaranteed as opposed to a rate for guaranteed delivery. The carrier may not present false or misleading information about these rates under 49 U.S.C. § 13708. Thus, these provisions allow Plaintiff to bring a cause of action under the Carmack Amendment for any alleged loss due to false or misleading information provided about guaranteed delivery.

 The legislation encompassing the Carmack Amendment "embraces the subject of the liability of the carrier under a bill of lading which he must issue, and limits his power to exempt himself by rule, regulation, or contract. Almost every detail of the subject is covered so completely that there can be no rational doubt but that Congress intended to take possession of the subject, and supersede all state regulation with reference to it." *Adams Express, Co. v. Croninger*, 226 U.S. 491, 505–06, 33 S.Ct. 148, 57 L.Ed. 314 (1913). "Although federal preemption is ordinarily a defense, once an area of state law has been completely preempted, any claim purportedly based on that preempted state law claim is considered from its inception a federal claim, and therefore arises under federal law." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 476, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998) (citation omitted).[1]

---

1. The Texas Supreme Court has concluded that the Carmack preemption does not apply

to causes of action under the Texas Deceptive

Thus, the Carmack Amendment provides the exclusive cause of action for any claim arising out of the interstate transportation of household goods. As such, Plaintiff's state law claims arise under federal law and are removable under 28 U.S.C. § 1441(b).

Therefore, this Court DENIES Plaintiff's Motion to Remand. In addition, the Court GRANTS Defendant's request for a more definite statement in light of this Order (docket no. 8–1). The Motion to Dismiss is DENIED without prejudice pending Plaintiff's Amended Complaint (docket no. 8–2). Plaintiff is ORDERED to amend his pleading by July 19, 2004.

Trade Practices Act. *Brown v. Am. Transfer & Storage,* 601 S.W.2d 931, 938 (1980). Because that holding occurred prior to many of the Supreme Court and Fifth Circuit opinions relied upon, it's holding has limited value.