FILED
United States Court of Appeals
Tenth Circuit

**January 26, 2009**

Elisabeth A. Shumaker
Clerk of Court

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

TERRY MURPHY, d/b/a
Environmental Products; ROGER
LACKEY,

            Plaintiffs–Appellants,

v.

KICKAPOO TRIBE OF
OKLAHOMA, in its capacity as a
federally chartered corporation,

            Defendant–Appellee.

No. 07-6290
(D.C. No. 5:07-CV-00118-HE)
(W.D. Okla.)

## ORDER AND JUDGMENT[*]

Before **LUCERO**, **EBEL**, and **HARTZ**, Circuit Judges.

Terry Murphy and Roger Lackey brought breach of contract, retaliatory

discharge, and fraud claims against the Kickapoo Tribe of Oklahoma ("the

Tribe") in the United States District Court for the Western District of Oklahoma.

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

Their claims were dismissed by the district court for lack of jurisdiction based on tribal sovereign immunity. We affirm the dismissal because the district court lacked subject matter jurisdiction to consider the plaintiffs' claims, which arise solely under state law.

# I

In 2001, Lackey contracted with the Tribe to provide general maintenance services at the Kickapoo Casino.[1] After he filed a workers' compensation claim in 2004, the Tribe terminated his contract. In 2002, Murphy contracted with the Tribe to provide specific maintenance services at the casino. After Murphy complained about the Tribe's performance under the contract, it terminated the contract and failed to pay him the full contract price. Murphy and Lackey brought breach of contract claims in tribal court,[2] but these claims were dismissed based on sovereign immunity. They did not appeal.

Murphy and Lackey then filed a complaint in the United States District Court for the Western District of Oklahoma. Both plaintiffs brought breach of contract and state law fraud claims; Lackey also brought a retaliatory discharge

---

[1] "We accept as true the complaint's uncontroverted factual allegations when, as in this case, the court held no evidentiary hearing" on the Tribe's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1). Sac & Fox Nation of Okla. v. Cuomo, 193 F.3d 1162, 1165 (10th Cir. 1999) (citation omitted).

[2] No copy of their pleadings in the tribal court is included in the record, but we assume that the plaintiffs accurately stated in their complaint that their claims in that court were for breach of contract.

claim under Okla. Stat. tit. 85, § 5. In response, the Tribe filed a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) or, in the alternative, for failure to state a claim upon which relief can be granted under Rule 12(b)(6). The district court granted the Tribe's motion to dismiss for lack of subject matter jurisdiction based on sovereign immunity.

**II**

When a district court dismisses for lack of subject matter jurisdiction on a purely legal basis, we review its legal conclusion de novo. Big Sky Network Canada, Ltd. v. Sichuan Provincial Gov't, 533 F.3d 1183, 1189 (10th Cir. 2008). We have jurisdiction to review the dismissal under 28 U.S.C. § 1291.

Essential to our constitutional scheme is the principle that federal courts are courts of limited jurisdiction. See Kokkonen v. Guardina Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Lower federal courts have no jurisdiction but that which is authorized by the Constitution and conferred upon us by Congress. Id. Most commonly, federal subject matter jurisdiction exists because a case raises a "federal question," § 1331, or the parties are of diverse citizenship and allege a sufficient amount in controversy, § 1332. See Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005). In this case, Murphy and Lackey concede that there is no diversity of citizenship jurisdiction. They do, however, contend that their claims "arise under" federal law. See § 1331.

-3-

To properly invoke our federal question jurisdiction, a plaintiff's cause of action must "aris[e] under the Constitution, laws, or treaties of the United States." Id. For more than a century, the well-pleaded complaint rule has been clearly established:

> [A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution. It is not enough that the plaintiff alleges some anticipated defense to his cause of action, and asserts that the defense is invalidated by some provision of the [laws] of the United States.

Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908); accord Nicodemus v. Union Pac. Corp., 440 F.3d 1227, 1232 (10th Cir. 2006) ("[F]ederal-question jurisdiction may not be predicated on a defense that raises federal issues." (citing Merrell Dow Pharms., Inc. v. Thompson, 478 U.S. 804, 808 (1986))).

Murphy and Lackey urge this court to decide whether the Tribe's compact of self-governance, its corporate charter, or its gaming compact waive tribal sovereign immunity and propose that this is a federal question over which this court has jurisdiction. But this question arises only because the Tribe asserted sovereign immunity as a defense. None of the documents cited by the plaintiffs provides a cause of action under which they can sue for relief in this case. Thus, no federal question appears in the well-pleaded complaint.

To the contrary, Murphy and Lackey seek relief solely under state statutory and common law:  breach of contract, fraud, and retaliatory discharge.  <u>See</u> Okla. Stat. tit. 85, § 5 (providing a state law cause of action for retaliatory discharge); <u>Kokkonen</u>, 511 U.S. at 381 (common law breach of contract is not a federal question); <u>Williams v. Aztar Ind. Gaming Corp.</u>, 351 F.3d 294, 299-300 (7th Cir. 2003) (common law fraud is not a federal question).  That the Tribe successfully asserted sovereign immunity in tribal court and the plaintiffs anticipated this defense in their federal complaint does not mean that the plaintiffs' claims "arise under" the laws of the United States.  <u>Mottley</u>, 211 U.S. at 152.  We cannot accept Murphy and Lackey's argument without overruling <u>Mottley</u> and its century of progeny.[3]  That we cannot do.

---

[3] Although the district court did not dismiss for lack of a federal question, we may nonetheless affirm the lack of subject matter jurisdiction on this alternative ground.  <u>United States v. Sandoval</u>, 29 F.3d 537, 542 n.6 (10th Cir. 1994) ("We are free to affirm a district court decision on any grounds for which there is a record sufficient to permit conclusions of law, even grounds not relied upon by the district court." (quotation omitted)).

**III**

For the foregoing reasons, we **AFFIRM** the district court's dismissal for lack of subject matter jurisdiction.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge